J-A12041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: A.M.P., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: A.M.P. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1644 WDA 2016 |

Appeal from the Order September 30, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): CP-02-DP-687-2016 - FID 02-FN-837-2016

BEFORE: OLSON, SOLANO, and RANSOM, JJ.

CONCURRING STATEMENT BY SOLANO, J.:  **FILED JULY 11, 2017**

I join the Court's memorandum. I write separately to emphasize that our holding in no way suggests any lack of concern about A.M.P.'s failure to thrive, a concern that our dissenting colleague voices eloquently. This is indeed a "very difficult case." Dissenting Memorandum, at 1. But before the power of the Commonwealth may be exercised to interfere with these parents' primary role in raising and caring for their children, there must be clear and convincing evidence that A.M.P. is a dependent child under the Juvenile Act, 42 Pa.C.S. §§ 6302, 6341(c); *In re J.M.*, ___ A.3d ___, 2017 WL 2774667, at *8 (Pa. Super., June 27, 2017); *In re A.B.*, 63 A.3d 345, 349 (Pa. Super. 2012). I do not believe that such proof has been presented.

The evidence that these parents are reluctant to agree to immunizations; that they prefer to provide their child with nourishment through a bottle, rather than a nasogastric tube; and that they choose to

follow the medical advice of one set of experts rather than another is, without more, insufficient to declare A.M.P. dependent.  I recognize that there are larger medical issues here, but A.M.P.'s medical needs are not being neglected.  The child remains under close medical care, not only by a pediatrician, but also by a gastroenterologist, dermatologist, allergist, nutritionist, and physical and occupational therapists.  I share the dissent's concern that incorrect information may have been provided to Dr. Udekwu, but on this record, there is no basis to find that the parents were trying to obstruct or prevent proper care, and the trial court made no such finding.

In close cases like this, I believe we must defer to the findings of the trial court, which all of us agree are supported by the record.  I trust that A.M.P.'s parents and medical professionals will continue to monitor A.M.P.'s condition and will assure that corrective actions are taken if conditions warrant.  But before these parents are forced to yield to the supervision of the trial court and to "support" by the Allegheny County Office of Children, Youth, and Families (which would likely insist on medical treatment for their child that is contrary to what the parents and their chosen medical providers have selected), the evidence must clearly and convincingly show that A.M.P. has failed to receive "proper parental care."  I believe such proof is lacking on this record.